UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHEASTERN DIVISION

KENNETH G. CHARRON,            )
                               )
        Plaintiff,             )
                               )
    vs.                        )        Case No. 2:10CV0061 JCH
                               )
GENE ROXAS,                    )
                               )
        Defendant.             )

## ORDER

This matter is before the Court on Plaintiff's Second Motion for Appointment of Counsel or Sanctions Against Defendant Roxas for Refusal to Obey Court's Order of January 19, 2011 ("Motion"), filed on February 16, 2011. (Doc. No. 17). In his Motion, Plaintiff states that certain documents were missing from Defendant's initial disclosures and Defendant's response to Plaintiff's First Request for Production of Documents. Plaintiff again asks this Court to appoint counsel or, alternatively, for sanctions to be imposed against Defendant for noncompliance with the Court's January 19, 2011 order.

## DISCUSSION

**I.     DOCUMENTS**

Plaintiff outlines several items that he claims Defendant has not produced. The Court will address each of them in turn.

   A.     Plaintiff's Notes Written on the Back of Plaintiff's Medical Services Request
          (Defendant's disclosure pages 230, 232, 241, and 250 of the records provided)

Defense counsel states that she inadvertently neglected to copy the backsides of these documents. Defendant provided these hand-written notes, except for the back of page 250, which had no notes. (Defendant Roxas' Response in Oppositions to Plaintiff's Second Motion for

Appointment of Counsel or Sanctions against Defendant Roxas ("Response"), Doc. No. 19, p. 2; see also Doc. No. 24). The Court finds that Defendant satisfied his discovery obligations.

B.      Plaintiff's Grievances Pertaining to This Cause of Action

Defendant states that he does not possess copies of Plaintiff's grievance records. Defendant, however, states that he will request those records from the Missouri Department of Corrections ("MDOC") and will supplement his disclosures when he receives Plaintiff's grievance records. (Response, p. 2). The Court finds that Defendant is working diligently to satisfy his discovery obligations.

C.      Copy of Defendant/CMS Insurance Policies

Defendant states that he has requested a copy of the insurance policy and will supplement his disclosures upon receipt and pursuant to a protective order. (Response, p. 2). To facilitate production of the insurance policy, the Court orders Defendant to prepare a protective order and circulate the proposed order to the Plaintiff. The Court finds that Defendant is working diligently to satisfy his discovery obligations.

D.      Radiology/X-Ray Written Findings

Defendant states that he has produced copies of the written x-ray findings identified in Plaintiff's Motion. (Response, p. 2). Plaintiff indicates that he has not received these x-ray findings. (Plaintiff's Reply and Opposition to "Defendant Roxas' Response in Opposition to Plaintiff's Second Motion for Appointment of Counsel or Sanctions against Defendant Roxas [Doc. No. 17]" ("Reply"), Doc. No. 21, pp. 5-6). The Court orders Defendant to identify, by bates number, the x-ray findings requested by Plaintiff. Defendant shall file this information with the Court and provide a copy to Plaintiff.

E. All of Plaintiff's Medical Records from November 12, 2010 through February 2, 2011

Initially, Defendant notes that Plaintiff's claims against Dr. Roxas arise from July 20, 2009 to May 27, 2001. (Response, p. 2). Defendant states that he will supplement Plaintiff's medical records in accordance with the Federal Rules. (Response, p. 3). The Court orders Defendant to supplement his production of Plaintiff's medical records with his records from November 12, 2010 through February 2, 2011.

F. Documents Responsive to Sections, 3, 4, 5, 8 and 9 of Plaintiff's First Request for Production of Documents

Defendant notes that the certificate of service for the Request for Production of Documents does not indicate that it was served on anyone. (Response, p. 3; Doc. No. 20). Moreover, the Request for Production of Documents indicates that it was mailed on November 10, 2010, prior to defense counsel entering her appearance on November 17, 2010. (Id.). Therefore, Defendant asserts that he has not been "provided with or served with" Plaintiff's discovery requests. (Response, p. 3).

In response, Plaintiff argues that he served the Request for Production of Documents on Defendant Roxas on November 17, 2010. (Reply, p. 6).

The Court orders Defendant to respond to Plaintiff's First Request for Production of Documents. Defendant is afforded thirty (30) days from the date of this Order to serve his responses on Plaintiff.

## II. REQUEST FOR COUNSEL

Plaintiff again requests counsel to assist with discovery. Plaintiff claims that, under the Federal Rules, "the Defendant does not have to produce discovery to any litigant who does not have counsel." (Motion, pp. 3-4). As demonstrated by Plaintiff's own experience, this is not true. Plaintiff has received significant discovery from Defendant. Plaintiff, however, should attempt to resolve any discovery disputes with Defendant through written correspondence prior to filing motions

to compel with the Court. See Fed.R.Civ.P. 37(a)(1) (a motion to compel must include a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action").

The Court finds that the appointment of counsel is not warranted at this time. The Court notes that there is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). Plaintiff has demonstrated that he is able to frame the legal and factual issues for the Court and opposing counsel without the assistance of counsel. In addition the facts and legal issues presented in this case are not so complex as to warrant the appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel or Sanctions (Doc. No. 14) is **GRANTED**, in part. Defendant is ordered to supplement his discovery as outlined above.

**IT IS FURTHER ORDERED** that Plaintiff's request for counsel is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for sanctions is **DENIED**.

Dated this 24th day of March, 2011.




/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE