UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| KENNETH G. CHARRON, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:10CV61 JCH |
| ) | |
| GENE ROXAS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Dr. Gene Roxas' Motion for Summary Judgment (ECF No. 35) and Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment and Defendant's Affidavit Ex "C" (ECF No. 39). These matters have been fully briefed and is ready for disposition.

**SUMMARY JUDGMENT STANDARD**

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. Id. Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex Corp., 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact,

not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 258. "[A] properly supported motion for summary judgment is not defeated by self-serving affidavits." Conolly v. Clark, 457 F.3d 872, 876 (8th Cir. 2006) (citing Davidson & Assocs. v. Jung, 422 F.3d 630, 638 (8th Cir. 2005)).

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. Celotex Corp., 477 U.S. at 331, n.2. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249.

## DISCUSSION

### I.    MOTION FOR SUMMARY JUDGMENT

#### A.    Deliberate Indifference to Serious Medical Need

"'Where a prisoner needs medical treatment prison officials are under a constitutional duty to see that it is furnished.'" Schaub v. VonWald, 638 F.3d 905, 924 (8th Cir. 2011)(quoting Crooks v. Nix, 872 F.2d 800, 804 (8th Cir. 1989)); Christian v. Wagner, 623 F.3d 608, 612 (8th Cir. 2010)("the Eighth Amendment imposes duties on prison officials to ensure that prisoners convicted of crimes receive adequate medical care"). To establish deliberate indifference to a serious medical need, a plaintiff "must demonstrate that 'he suffered objectively serious medical needs, and the officials actually knew of but deliberately disregarded those needs.'" Webb v. Hedrick, 409 Fed. Appx. 33, 34 (8th Cir. 2010)(quoting Johnson v. Hamilton, 452 F.3d 967, 972-73 (8th Cir. 2006)). Prisoners may prove deliberate indifference by showing that the total deprivation of medical care resulted in "pain and suffering." Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010)(quoting Estelle v. Gamble, 429 U.S. 97, 103, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). A total deprivation

of care, however, is not a necessary condition for finding a constitutional violation. Langford, 614 F.3d at 460. Rather, grossly incompetent or inadequate care can also constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment. Id. (citing Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir. 1990)). "To state a claim based on 'inadequate medical treatment . . . [t]he plaintiff must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" Id. (quoting Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006)).

### B. Plaintiff Has Failed to Demonstrate that Defendant was Deliberately Indifferent to a Serious Medical Need

Plaintiff alleges that he has suffered for years from back pain, among other ailments, and that these infirmities have not been adequately treated. For purposes of this motion, Defendant assumes that Plaintiff's history of back surgeries and related pain constituted a serious medical problem. (Defendant Dr. Gene Roxas' Memorandum of Law in Support of His Motion for Summary Judgment ("Memorandum"), ECF No. 36, p. 6); see also Logan v. Clarke, 119 F.3d 647, 649 (8th Cir. 1997) (finding that "substantial back pain" was a serious medical need); Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 829 (7th Cir. 2009) (collecting cases holding that "delays in treating painful medical conditions, even if not life-threatening, may support an Eighth Amendment claim"). There is no doubt that Roxas has a constitutional duty to see that prisoners in his charge who need medical care receive it. So if Roxas knew that Plaintiff's serious medical needs were not being adequately treated yet remained indifferent, he may be held personally liable.

The Court must also decide whether the right Roxas allegedly violated was clearly established. The Court must "examine the information possessed by the government official accused of wrongdoing in order to determine whether, given the facts known to the official at the time, a reasonable government official would have known that his actions violated the law." Miller v.

Schoenen, 75 F.3d 1305, 1308 (8th Cir. 1996)(citations omitted). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 640 (1987)(internal citation omitted).

Defendant argues that the evidence before the Court demonstrates that Defendant did not act with deliberate indifference in his treatment of Plaintiff's complaints of back pain. (Memorandum, p. 3). Defendant states that he acknowledged Plaintiff's pain complaints, examined Plaintiff after each complaint and recommended an appropriate course of care. (Defendant Dr. Gene Roxas' Statement of Uncontroverted Material Facts ("SUMF"), ECF No. 37, ¶¶5, 6, 8, 11-23, 26, 33-35, 37). In addition, Defendant referred Plaintiff to physical therapy, where Plaintiff was provided a home exercise plan. (SUMF, ¶¶14, 16, 17; see also Charron Aff., ¶5 (Plaintiff also admits that Defendant referred him to physical therapy for treatment)). Defendant also referred Plaintiff for a CT scan of his lower spine and to an orthopedist who concluded that Plaintiff required no further care. (SUMF, 20, 23, 26-31, 33; see also Charron Affidavit ("Charron Aff."), ECF No. 44, ¶4 (Plaintiff admits that Roxas ordered a "Cat Scan" on July 1, 2009)).

Defendant also asserts that Plaintiff's claim that Defendant improperly discontinued his medications is unsupported. According to the medical documents before the Court, Plaintiff reported that his medication was causing him gastrointestinal distress. (SUMF, ¶13).[1] As a result, Defendant ordered Plaintiff to stop taking his pain medication (Naproxen) based upon Plaintiff's complaints. (Id.).

---

[1]Plaintiff complains that Roxas discontinued Plaintiff's pain medication for no reason on July 1, 2009 (Charron Aff., ¶4), but the record clearly indicates that Defendant discontinued Plaintiff's medication because he complained of gastrointestinal issues resulting from his medication. (SUMF, ¶13; ECF No. 37-4 at 134)

Likewise, Plaintiff's allegation that Defendant failed to provide treatment after Dr. Spears' evaluation is also unsupported by the evidence. Dr. Spears determined that Plaintiff did not have any neurological or orthopedic problems that would cause his back problems. (SUMF, ¶¶27-31). Dr. Spears did not make any recommendations for future care. (Id.). Nevertheless, Defendant continued to order Plaintiff to receive a lower bunk and lower walk cell. (SUMF, ¶35). Thus, Defendant argues that there is no competent medical opinion or evidence to support Plaintiff's position that Defendant ignored Plaintiff's medical needs or that his medical decisions amounted to a constitutional violation.

In response, Plaintiff does not provide any countervailing evidence to support his claim that Defendant ignored his requests for treatment. Rather, Plaintiff repeatedly admits that Defendant treated Plaintiff and states that Defendant met several times with Plaintiff to assess his condition and provide treatment. In fact, Plaintiff's own affidavit reflects that he saw Defendant regularly. See Charron Aff., ¶¶3-12, 14-17.

Further, Plaintiff's objections to Defendant's Statement of Uncontroverted Material Facts ("RSUMF") provide no basis for denying summary judgment. See ECF No. 44. The Court has further carefully reviewed Plaintiff's responses to Defendant's material facts and finds that these responses are largely irrelevant to the claims as contained in the Plaintiff's complaint and/or the issues present in the instant summary judgment motion. "'[A] properly supported motion for summary judgment is not defeated by self-serving affidavits.'" Gander Mt. Co. v. Cabela's, Inc., 540 F.3d 827, 831 (8th Cir. 2008)(quoting Conolly v. Clark, 457 F.3d 872, 876 (8th Cir. 2006). "A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." Davidson & Assocs. v. Jung, 422 F.3d 630, 638 (8th Cir. 2005)(citing Wilson v. Int'l Bus. Mach. Corp., 62 F.3d 237, 241 (8th Cir. 1995)). Most of Plaintiff's other objections relate to events that he claims did not occur but are

supported by objective evidence. See Page v. Fifth Third Bank, No. 4:07CV2085, 2009 U.S. Dist. LEXIS 65435, at *8 (E.D. Mo. July 29, 2009)(court did not consider affidavits where they directly contradict the affiant's deposition testimony and the objective documentation material to this case).

First, Plaintiff objects to paragraphs 4 and 5 because he claims that Defendant has not provided the proper foundation. The Court, as discussed below, denies Plaintiff's motion to strike. Accordingly, Plaintiff's objection to these statements of fact are moot.

Next, in paragraphs 10, 11 and 15, Plaintiff denies that he told nursing staff that his pain was related to his neck (not his back), denies that he was treated by Defendant on July 1, 2009 for back complaints, and denies that he refused medication. (RSUMF, ¶¶10, 11, 15). All of these allegations, however, are supported by independent medical records. Plaintiff's mere denial of these claims is insufficient to overcome the objective evidence provided by Defendant. See Page, 2009 U.S. Dist. LEXIS 65435, at *8.

Similarly, Plaintiff denies that he submitted six Medical Services Request ("MSR") forms related to other medical problems between May 17, 2009 and December 30, 2009, but no forms related to his back. (RSUMF, ¶24). In response, however, Plaintiff admits that he was being seen by Defendant for the MSR form he filed on May 17, 2009. (Id.). Thus, even if Plaintiff's objection is correct, Plaintiff's denial does not support a finding that Defendant was medically indifferent to his needs.

Plaintiff also denies that Dr. Spears did not recommend any more treatment. (RSUMF, ¶¶31, 33). In Dr. Spears' report, he states, "[n]eurologically, orthopedically, somatically, I can't identify what is causing this gentleman's pain. Therefore, I am sorry to say that I can't give you any advice

about what the next step should be." (ECF No. 37-5 at 299). Plaintiff offers no evidence to contradict this finding. Therefore, Plaintiff's denial does not avoid summary judgment.

Plaintiff also disputes Defendant's statement that from February 2010 through May 26, 2010, Plaintiff submitted six (6) MSR forms for unrelated medical requests, but no forms related to his back. (RSUMF, ¶¶36, 38). Plaintiff claims that he requested to see Defendant a number of times regarding pain in his arms and neck but that the Defendant refused to talk to him about his problems. Again, the record contains no such reports of problems or such requests in the record. Accordingly, Plaintiff's self-serving claims in his affidavit do not demonstrate the existence of an issue of material fact.

Plaintiff also denies that on May 11, 2010, Defendant assessed Plaintiff in the Chronic Pain Care Clinic and he reported Plaintiff's status as improved and stable. (SUMF, ¶37; RSUMF, ¶37). Defendant recommended that Plaintiff make a follow-up appointment in six months. (Id.). Plaintiff claims that he was treated for ulcers but that Defendant refused to speak to him about pain in his arms and neck. (RSUMF, ¶37). The record, however, does not reflect these oral pain complaints. (ECF No. 37-5 at 180-182). The Court finds that Plaintiff's unsupported version of the events is insufficient to avoid summary judgment in light of the clear, documented medical evidence.[2]

Accordingly, Plaintiff cannot avoid summary judgment on these claims where objective evidence contradicts Plaintiff's affidavit. Plaintiff has failed to demonstrate an issue of material fact regarding the quantity or quality of Defendant's treatment of Plaintiff. Rather, the record indicates that Defendant repeatedly saw and treated Plaintiff for his back ailments. Further, the record supports

---

[2]Finally, Plaintiff disputes Defendant's averment that he never intentionally refused to treat or delay medical care. (SUMF, ¶41; RSUMF, ¶41). The Court agrees that this is a self-serving statement on the part of Defendant, which is not considered with respect to Defendant's summary judgment. Plaintiff's denial of this conclusory statement, however, has no effect on this Court's decision.

a finding that Defendant reasonably and appropriately responded to Plaintiff's repeated complaints, even sending Plaintiff to see a specialist. The evidence indicates that Defendant only suspended treatment when Plaintiff's condition improved and there is no evidence that Plaintiff continued to complain of back pain or that any such complaint fell on deaf ears. Essentially, Plaintiff has provided no evidence to contradict Defendant's evidence that he properly responded to Plaintiff's allegedly serious medical need. Therefore, the Court find that Defendant did not violate Plaintiff's Eighth Amendment rights. The Court grants Defendant's Motion for Summary Judgment.

## II.     MOTION TO STRIKE

Plaintiff argues that Defendant has not properly laid a foundation for the business records he produced in support of his Motion for Summary Judgment. Plaintiff also asserts that Defendant's affidavit in support of his Motion for Summary Judgment should be stricken because it is self-serving. First, Defendant has provided a business records affidavit that properly lays the foundation for those records. See ECF Nos. 43-1; 43-2. Further, upon review of Defendant's affidavit, the Court finds the affidavit to be based upon personal knowledge and otherwise proper under the federal rules. The Court denies Plaintiff's Motion to Strike.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dr. Gene Roxas' Motion for Summary Judgment (Doc. No. 35) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment and Defendant's Affidavit Ex. "C" (Doc. No. 39) is **DENIED**.

An appropriate Judgment will accompany this Memorandum and Order.

Dated this 21st day of September, 2011.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE